SAMMY LEE JACKSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jackson v. Commissioner
Docket No. 686-94
United States Tax Court
T.C. Memo 1995-300; 1995 Tax Ct. Memo LEXIS 301; 70 T.C.M. (CCH) 12; July 10, 1995, Filed *301 Decision will be entered for respondent. Sammy Lee Jackson, pro se. For respondent: John R. Mikalchus. DAWSON; PAJAK
DAWSON; PAJAK
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge John J. Pajak pursuant to section 7443A(b) (4) and Rules 180, 181, and 183. All section numbers refer to the Internal Revenue Code for the taxable year in issue. All Rule numbers refer to the Tax Court Rules of Practice and Procedure. The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE PAJAK, Special Trial Judge: Respondent determined a deficiency in petitioner's 1990 Federal income tax in the amount of $ 180. In his petition, petitioner claimed an overpayment of $ 141,993.10. After a concession by petitioner, the Court must decide: (1) Whether petitioner failed to report income in the amount of $ 1,143.00 in unemployment compensation; and (2) whether petitioner is entitled to any tax refund or credit from an alleged overpayment of $ 141,993.10. Some of the facts in this case have been stipulated and are so found. Petitioner resided in Phoenix, Arizona, at the time he filed his petition. *302 Respondent determined that $ 1,143.00 in unemployment compensation was not reported on petitioner's 1990 Federal income tax return based on a Form 1099-G from the Arizona Department of Economic Security. At trial, respondent took the position that there was no merit to petitioner's claim for an overpayment. In 1990, petitioner worked as a security guard. His reported adjusted gross income on his 1990 return was $ 8,931. In 1990, petitioner filed a suit based on racial discrimination in the United States District Court for the District of Arizona against seven defendants including various Departments of the United States Government. The District Court dismissed petitioner's suit. Petitioner claimed the order was null and void. Among other things, he wrote an "Order Granting Plaintiff Award for Payment Demanded." Petitioner prepared the order and signed it with his initials, purportedly on behalf of the Federal District Court judge who had dismissed petitioner's suit. Petitioner awarded himself $ 267,303,035 as compensatory and punitive damages from various parties, including Departments of the United States Government. He asserted that he "seized and altered, as a garnishment, a *303 United States Treasury check number 2216 42107480." Petitioner claimed that the amount of $ 7,878,128, the altered figure on the check, was partial payment of the so-called "debt" owed to him by the Federal Government. Respondent's determination is presumptively correct, and the burden of proof is on petitioner to show that respondent's determination is incorrect. Rule 142(a); . Petitioner has admitted that he received an amount of unemployment compensation from the Arizona Department of Economic Security in 1990. Petitioner claimed that he did not know the correct amount of his unemployment compensation. We do not believe him. Our evaluation of his testimony is founded upon "the ultimate task of a trier of the facts -- the distillation of truth from falsehood which is the daily grist of judicial life." . Section 85(a) specifically provides that, in the case of an individual, unemployment compensation is included in gross income. Petitioner has not met his burden of proving that the amount of unemployment compensation was not $ 1,143 *304 as determined by respondent. Rule 142(a). Accordingly, respondent is sustained on this issue. As previously stated, petitioner claimed an overpayment of $ 141,993.10 in his petition. He admitted that he altered the Treasury check. Elsewhere he asserted that the $ 141,993.10 amount "was paid" via the Treasury check. He also asserts that the Internal Revenue Service has admitted that there is an overpayment of $ 141,993.10. Petitioner's claim has no basis whatsoever. The purported "payment" is not valid because it was allegedly made with a falsified check. The Court does not need to accept the self-serving testimony of petitioner as gospel. . In this case, we find that petitioner's testimony and evidence are totally unbelievable. Respondent's Certificate of Assessments and Payments for 1990 shows that there has been no payment of $ 141,993.10 or of $ 7,878,128 to petitioner's account. That Certificate only shows an assessment of $ 544, withholding of $ 932, and a refund of $ 338. These figures match those shown on petitioner's 1990 tax return. When respondent wrote, "Admits," in her Answer, she was merely *305 agreeing to the fact that the "Amount of Overpayment Claimed" was put in issue. She did not admit that petitioner was entitled to the alleged overpayment. We find that there is no overpayment of $ 141,993.10 or of any other amount in petitioner's account for 1990. Accordingly, petitioner is not entitled to any refund or credit. Sec. 6512(b). Decision will be entered for respondent.